**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUN 1 1 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| TRACY JENSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL AVIATION ADMINISTRATION, )<br>)<br>Defendant. )<br>) | Civil Action No. **12 0950** |

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

Plaintiff, a former air traffic controller, appears to allege that the Federal Aviation Administration ("FAA") breached a collective bargaining agreement by failing to implement a new pay system properly and to apply pay raises retroactively. Review of the Court's docket shows that plaintiff has raised, without success, this and other claims on multiple occasions. *See Jenson v. Huerta*, No. 12-0686, 2012 WL 1669527, at *1 (D.D.C. Apr. 30, 2012); *see also Jenson v. Mellody*, No. 2:10-cv-0493, 2011 WL 3679142, at *1 (D. Idaho Aug. 23, 2011) (listing "twelve other actions relating to recovery of the same lost wages").

Under the principle of *res judicata*, a final judgment on the merits in one action "bars any further claim based on the same 'nucleus of facts' . . . ." *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (quoting *Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (D.C. Cir. 1977)). *Res judicata* bars the relitigation "of issues that were or *could have been raised* in [the prior] action." *Drake v. FAA*, 291 F.3d 59 (D.C. Cir. 2002) (emphasis in original) (quoting *Allen*

(N)

3

*v. McCurry*, 449 U.S. 90, 94 (1980)); *see I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously"). Plaintiff's claim was adjudicated in a prior action in the United States Court of Appeals for the Federal Circuit, which this Court previously found to have preclusive effect. *See Jenson v. Heurta*, Nos. 10-1071, 11-999 & 11-1180 (ABJ), — F. Supp. 2d —, 2011 WL 6145522 (D.D.C. Dec. 12, 2011) (dismissing plaintiff's three consolidated actions stemming from the air traffic controllers' pay dispute as barred by claim preclusion). Therefore, the Court will dismiss this repetitive action with prejudice.[1]

An Order accompanies this Memorandum Opinion.

DATE: 6/5/12

_____
United States District Judge

---

[1] Plaintiff is warned that his filing of repetitive actions may result ultimately in the imposition of sanctions barring him from the privilege of proceeding *in forma pauperis* and/or restricting his ability altogether to file a civil action in this Court. *See, e.g., Hurt v. Social Security Admin.*, 544 F.3d 308, 310 (D.C. Cir. 2008).